CARDALL
v.
WILCOX.

WEBB *against* CLEVELAND, ONE OF THE ATTORNEYS, &c.

Where *an attorney* is sued in an inferior court, in which he is privileged from arrest, the cause cannot be removed into this court by a *habeas corpus cum causa.*

HENRY, for the defendant, moved that a *procedendo* be awarded in this cause, which had been removed from the court of common pleas, by a writ of *habeas corpus cum causa.* From the return to the writ, it appeared that the defendant was proceeded against in the court below, as an attorney of the court, and was not arrested, or held to bail.

*Henry* contended that the defendant, being privileged from arrest, could not be considered as in custody, and could not, therefore, be removed by *habeas corpus ;* that the writ of *habeas corpus cum causa* removed the cause only when the body was removed. The proper remedy, in such a case, was to remove the proceedings by *certiorari.* 1 *Tidd,* 335.

*Foot,* contra.

*Per Curiam.* Take your rule for a *procedendo.*

Rule granted.

———◆⊕◆———

CARDALL *against* WILCOX.

A commission will be granted to examine an officer in the army of the *United States,* on an affidavit of his being a material witness, and expected to be ordered away.

RUSSELL moved for a commission to examine a captain in the *United States* army, now at *Greenbush,* on an affidavit, stating that he was a material witness in this cause, and was expected soon to be ordered away.

*Allen,* contra.

*Per Curiam.* Take your rule.

Rule granted.

**END OF AUGUST TERM.**